# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JUAN PLATA, #R-08490, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO. 11-cv-0096-MJR |
| | ) |
| VENERIO M. SANTOS and | ) |
| DR. SHICKER, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff, an inmate in the Centralia Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) Screening.– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) Grounds for Dismissal.– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Upon careful review of the complaint and

supporting exhibits, the undersigned Judge concludes that Plaintiff's complaint must be dismissed under § 1915A(b)(1).

**Facts:**

The following version of the facts of this case is gleaned from Plaintiff's complaint (Doc. 1). In April 2008, Plaintiff began experiencing a medical condition wherein small bumps formed on one of his eyelids. Plaintiff was seen by Defendant Santos in May 2008, who prescribed him eye drops. In 2009, the condition spread to the other eye, so that both of Plaintiff's eyelids had bumps on them that caused itching, headaches, and pain. Plaintiff was on a consistent therapy of eye drops for the condition. In February 2010, Plaintiff complained to Defendant Santos that the problem still persisted, despite the use of eye drops. Nothing more was done to treat Plaintiff's condition. Plaintiff then filed a grievance, requesting to be seen by a doctor outside of the prison. Plaintiff was referred to an optometrist, who also prescribed eye drops for the condition.

Based on Plaintiff's treatment by the optometrist, his grievance was denied. When Plaintiff appealed the denial, the chairperson of the administrative review board sent the grievance to Defendant Shicker for review. Ultimately Defendant Shicker also denied the grievance, stating that the problem had been diagnosed and was being treated with eye drops.

**Discussion:**

Plaintiff alleges that the treatment he received from Defendants Santos and Shicker amounts to deliberate indifference to his medical needs. The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment to the United States Constitution. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825 (1994); *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007)

(per curiam). This encompasses a broader range of conduct than intentional denial of necessary medical treatment, but it stops short of "negligen[ce] in diagnosing or treating a medical condition." *Estelle,* 429 U.S. at 106. *See also Sanville v. McCaughtry,* 266 F.3d 724, 734 (7th Cir. 2001).

> To prevail on an Eighth Amendment claim, a plaintiff must show that the responsible prison officials were deliberately indifferent to his serious medical needs. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Dunigan ex rel. Nyman v. Winnebago County*, 165 F.3d 587, 590 (7th Cir. 1999). Deliberate indifference involves a two-part test. The plaintiff must show that (1) the medical condition was objectively serious, and (2) the state officials acted with deliberate indifference to his medical needs, which is a subjective standard.

*Sherrod v. Lingle*, 223 F.3d 605, 619 (7th Cir. 2000).

However, the Supreme Court stressed that this test is not an insurmountable hurdle for inmates raising Eighth Amendment claims:

> [A]n Eighth Amendment claimant need not show that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm.... Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, ... and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.

*Farmer,* 511 U.S. at 842.

The Seventh Circuit's decisions applying this standard for deliberate indifference in the denial or delay of medical care require evidence of a defendant's actual knowledge of, or reckless disregard for, a substantial risk of harm. *See Chavez v. Cady*, 207 F.3d 901, 906 (7th Cir. 2000) (officers were on notice of seriousness of condition of prisoner with ruptured appendix because he "did his part to let the officers know he was suffering"). The Circuit also recognizes that a defendant's inadvertent error, negligence or even ordinary malpractice is insufficient to rise to the level of an Eighth Amendment constitutional violation. *See Duckworth v. Ahmad*, 532 F.3d 675, 679

(7th Cir. 2008); *Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003) (Courts will not take sides in disagreements with medical personnel's judgments or techniques). However, a plaintiff inmate need not prove that a defendant intended the harm that ultimately transpired or believed the harm would occur. *Walker v. Benjamin*, 293 F.3d 1030, 1037 (7th Cir. 2002).

Plaintiff has not sufficiently alleged a claim for deliberate indifference here. Although the bumps on his eyelids may in fact be a serious medical condition, he was receiving treatment in the form of eye drops, and he was seen by at least two doctors who prescribed the same treatment. This may not have been the best possible form of treatment, and it certainly was not the treatment Plaintiff wanted. But, at best, this raises a possible claim for malpractice or negligence, neither of which supports a claim under the Eighth Amendment. *Duckworth* 532 F.3d at 679. For this reason, this claim will be dismissed with prejudice.

**Pending Motions:**

On February 15, 2011, Plaintiff filed a motion to correct Defendant's Shicker's address (Doc. 5), which he had supplied in his complaint. This motion is **GRANTED**. The Clerk's Office is **DIRECTED** to take notice of the new address provided for Defendant Shicker.

On the same date Plaintiff filed a motion for a temporary restraining order (TRO) and a preliminary injunction (Docs. 6, 7). Plaintiff filed these motions asserting that his medical issue warrants attention which Defendants have failed to provide.

A TRO is an order issued without notice to the party to be enjoined that may last no more than 14 days. FED. R. CIV. P. 65(b)(2). A TRO may issue without notice *only* if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing

any efforts made to give notice and the reasons why it should not be required.

FED. R. CIV. P. 65(b)(1).

The United States Supreme Court has emphasized that a "preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Christian Legal Society v. Walker*, 453 F.3d 853, 870 (7th Cir. 2006) *(quoting Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)(emphasis in original))**.** In considering whether to grant injunctive relief, a district court must weigh the relative strengths and weaknesses of a plaintiff's claims in light of a five-part test that has long been part of the Seventh Circuit's jurisprudence.

Specifically, a plaintiff must establish: (1) that there is a reasonable or substantial likelihood that he would succeed on the merits; (2) that there is no adequate remedy at law; (3) that absent an injunction, he will suffer irreparable harm; (4) that the irreparable harm suffered by Plaintiff in the absence of the injunctive relief will outweigh the irreparable harm that defendants will endure were the injunction granted; and (5) that the public interest would be served by an injunction. *Teamsters Local Unions Nos. 75 and 200 v. Barry Trucking*, 176 F.3d 1004, 1011 (7th Cir. 1999). *Accord Judge v. Quinn*, 612 F.3d 537, 546 (7th Cir. 2010); *Pro's Sports Bar & Grill, Inc. v. City of Country Club Hills*, 589 F.3d 865, 872-73 (7th Cir. 2009).

Neither a TRO nor a preliminary injunction is warranted herein. For the reasons outlined above, there is *not* a reasonable or substantial likelihood that Plaintiff would succeed on the merits here. Furthermore, Plaintiff's allegations do not reveal the likelihood of immediate and irreparable harm. Additionally, an injunction would not serve the public interest. Finally, federal courts must

exercise equitable restraint when asked to take over the administration of a prison, something that is best left to correctional officials and their staff. Accordingly, the Court **DENIES** the motions for issuance of a temporary restraining order or preliminary injunction (Docs. 6, 7).

**Disposition:**

Plaintiff's complaint is **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915A for failing to state a claim upon which relief may be granted. This dismissal counts as a strike for purposes of 28 U.S.C. § 1915(g). Defendants **SANTOS** and **SHICKER** are **DISMISSED** from this action with prejudice.

**IT IS SO ORDERED.**

**DATED April 12, 2011.**

       **/s/ MICHAEL J. REAGAN**
**Michael J. Reagan**
**United States District Judge**